TRP/BAO/KMB                                                     314-347-9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EMCASCO INSURANCE COMPANY and EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No.: |
| vs. | ) ) | |
| CUSTOM MECHANICAL EQUIPMENT, INC., CUSTOM MECHANICAL EQUIPMENT OF WISCONSIN LLC, CUSTOM MECHANICAL EQUIPMENT LLC, and C.E. DESIGN, LTD., an Illinois Corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, EMCASCO INSURANCE COMPANY ("EMCASCO") and EMPLOYERS

MUTUAL CASUALTY COMPANY ("EMC"), by and through their attorneys, CREMER,

SPINA, SHAUGHNESSY, JANSEN & SIEGERT, LLC, for their Complaint for Declaratory

Judgment against Defendants, CUSTOM MECHANICAL EQUIPMENT, INC., CUSTOM

MECHANICAL EQUIPMENT OF WISCONSIN LLC, CUSTOM MECHANICAL

EQUIPMENT LLC, and C.E. DESIGN, LTD., state as follows:

### Nature of the Action

1.      This lawsuit is a declaratory judgment action concerning the availability of

insurance coverage under certain policies of insurance issued to CUSTOM MECHANICAL

EQUIPMENT, INC. by EMCASCO and EMC for the claims asserted in an underlying lawsuit

filed by defendant C.E. DESIGN, LTD.  This lawsuit is being brought pursuant to 28 U.S.C. §§

2201 and 2202.

## Jurisdiction

2.      This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

EMCASCO is an insurance company organized under the laws of the State of Iowa that has its

principal place of business in Des Moines, Iowa.  EMC is an insurance company organized under

the laws of the State of Iowa that has its principal place of business in Des Moines, Iowa.

3.      Upon information and belief, CUSTOM MECHANICAL EQUIPMENT, INC.

("CUSTOM") is or was an Oklahoma corporation that maintains its principal place of business in

Ponca City, Oklahoma.  According to the publicly available records maintained by the Oklahoma

Secretary of State as of the date this Complaint was filed, CUSTOM's corporate status is "OTC

Suspension".

4.      According to the publicly available records maintained by Wisconsin Secretary of

State as of the date of the filing of this Complaint, CUSTOM MECHANICAL EQUIPMENT OF

WISCONSIN LLC ("CMEOW") and CUSTOM MECHANICAL EQUIPMENT LLC ("CME")

are the same entity (that was originally known as CUSTOM MECHANICAL EQUIPMENT

LLC and subsequently changed its name to CUSTOM MECHANICAL EQUIPMENT OF

WISCONSIN LLC) and that entity was organized as a limited liability company under the law of

the Wisconsin.  According to the publicly available records maintained by Wisconsin Secretary

of State, this entity was dissolved in December 2005.  On information and belief, to the extent

this entity is not dissolved, as of the date of the filing of this Complaint, it maintained its

principal place of business in Ponca City, Oklahoma.

5.      CMEOW and CME have been designated as, and sued as, separate entities in the

underlying case that is described in more detail below.  To the extent CMEOW and CME are

actually separate entities, upon information and belief, each entity was a limited liability

company organized under the law of the Wisconsin. Upon information and belief, each entity

was dissolved in December 2005. On information and belief, to the extent these entities were not

dissolved, as of the date of the filing of this Complaint, each entity maintained its principal place

of business in Ponca City, Oklahoma.

6.      Upon information and belief, C.E. DESIGN, LTD. ("C.E. DESIGN") is an Illinois

corporation with its principal place of business in Rolling Meadows, Illinois.

7.      The matter in controversy exceeds, exclusive of interest and costs, the sum

specified by 28 U.S.C. § 1332.

8.      Venue is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the

acts giving rise to the dispute occurred in Rolling Meadows, Illinois or 28 U.S.C. § 1391(a)(3)

because one defendant is subject to personal jurisdiction in this judicial district at the time the

action was commenced.

## General Allegations

9.      EMCASCO is an insurance carrier licensed to issue policies of commercial

general liability insurance and commercial umbrella liability policies in the States of Iowa and

Oklahoma (among others).

10.      EMC is an insurance carrier licensed to issue policies of commercial general

liability insurance and commercial umbrella liability policies in the States of Iowa and Oklahoma

(among others).

11.      EMCASCO issued the following insurance policies containing Commercial

General Liability to its named insured "Custom Mechanical Equipment, Inc.":

     a.      Policy no. 3D1-73-91-07 effective September 1, 2006-07; and

     b.      Policy no. 3D1-73-91-08 effective September 1, 2007-08.

These policies will be referred collectively when appropriate as "the EMCASCO CGL policies."

12.     EMC issued Commercial Liability Umbrella Policy No. 3J1-73-91-07 effective September 1, 2006-07 to its named insured "Custom Mechanical Equipment, Inc." This policy will be referred herein as "the 2006-07 EMC UL policy."

13.     EMCASCO issued Commercial Liability Umbrella Policy No. 3J1-73-91-08 effective September 1, 2007-08 to its named insured "Custom Mechanical Equipment, Inc.". This policy will be referred herein as "the 2007-08 EMCASCO UL policy."

14.     C.E. DESIGN filed a lawsuit in the Circuit Court of Cook County, Illinois entitled *C.E. Design, LTD., an Illinois corporation, individually and as the representative of a class of similarly-situated persons v. Custom Mechanical Equipment, Inc.; Custom Mechanical Equipment Of Wisconsin, LLC, and Custom Mechanical Equipment, LLC,* that is currently pending under Case No. 08 CH 17478 in the Circuit Court of Cook County, Illinois. The lawsuit described in the preceding sentence will be referred to as "the underlying case". A copy of the First Amended Class Action Complaint (without its own exhibits) filed in the underlying case is attached hereto as **Exhibit A**.

15.     In the underlying case, C.E. DESIGN alleges that on April 18, 2008, CUSTOM, CMEOW and CME sent a telephone facsimile to C.E. DESIGN without having permission to do so. C.E. DESIGN further alleges that CUSTOM, CMEOW and CME sent similar telephone facsimiles to other recipients without having permission to do so.

16.     Based on these alleged facts, CE DESIGN asserts claims in the underlying case against CUSTOM, CMEOW and CME for violation of the Telephone Consumer Protection Act ("TCPA") (47 USC Section 227 *et. seq.*), common law conversion, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFDBPA") (815 ILCS 505/2, *et. seq.*).

17.    The underlying case is a putative class action.

18.    The underlying case seeks certification of three separate classes, one for each

theory of recovery, defined as follows:

> "TCPA Class.  All persons who (1) on or after four years prior to the filing of
> this action, (2) were sent telephone facsimile messages of material advertising
> to commercial availability of any property, goods or services by or on behalf of
> defendants, (3) with respect to whom defendants cannot provide evidence of
> prior express permission or invitation for the sending of such faxes, (4) with
> whom defendants did not have an established business relationship, and (5)
> which did not display a proper opt-out notice."

> "Conversion Class.  All persons who on or after a date five 5 years prior to the
> filing of this action, were sent telephone facsimile messages by or on behalf of
> defendants."

> "ICFDBPA Class.  All persons in Illinois who on or after a date three years
> prior to the filing of this action, were sent telephone facsimile messages by or
> on behalf of defendants."

19.    Each of the class periods that Plaintiff seeks to certify concludes at the

filing of the Complaint in the underlying case.

20.    The Complaint in the underlying case seeks relief in the form of damages

(but "not more than $75,000.00 to any class member"), injunctive relief, costs of suit

and attorneys fees.

### Count I – The EMCASCO CGL Policies Do Not Provide Coverage For The Claims Asserted In The Underlying Case

21.    The EMCASCO CGL policies provide coverage pursuant to the Commercial

General Liability Coverage Form, No. CG 00 01 12 04 (hereinafter referred as to "the CGL

coverage form").  A copy of the CGL coverage form is attached hereto as **Exhibit B**.

22.    The CGL coverage form of the EMCASCO CGL policies contains a Coverage A

Section and a Coverage B Section.

23.    The Coverage A Section contains an Insuring Agreement that is applicable in

certain circumstances, subject to all terms, conditions and limitations of the EMCASCO CGL policies, to "sums the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies".

24.     The EMCASCO CGL policies define "bodily injury" as follows:

> **"Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time.**

25.     The EMCASCO CGL policies define "property damage" as follows:

> **a.      Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or**

> **b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. \*\*\***

26.     The underlying case does not allege any claims for "bodily injury" or "property damage" as those terms are defined in the EMCASCO CGL policies.  As a result, the Coverage A Section of the EMCASCO CGL policies is inapplicable to the underlying case.

27.     The Insuring Agreement in the Coverage A Section also states that the "bodily injury" or "property damage" must be caused by an "occurrence" in order for Coverage A to apply.

28.     The EMCASCO CGL policies define "occurrence" as follows:

> **"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.**

29.     The underlying case does not allege any claims that were caused by an "occurrence" as that term is defined in the EMCASCO CGL policies and, as a result, the Coverage A Section of the EMCASCO CGL policies is inapplicable to the underlying case.

30.     The Coverage A section of the EMCASCO CGL policies state that coverage applies only to "bodily injury" or "property damage" that occurred during the effective period of the EMCASCO CGL policies.

31.     To the extent that the allegations in the underlying case seek damages for "bodily injury" or "property damage" that occurred outside of the effective period for the EMCASCO CGL policies, the Coverage A section of the EMCASCO CGL policies are inapplicable to the underlying case.

32.     The CGL Coverage Form contains an Expected or Intended Injury exclusion, which provides in relevant part as follows:

> **This insurance does not apply to:**
>
> **a.    Expected Or Intended Injury**
>
> **"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  \*\*\***

33.     To the extent that the underlying case asserts a claim for "bodily injury" or "property damage" (and EMCASCO denies that the underlying case asserts such a claim), the Expected or Intended Injury exclusion would negate coverage for any "bodily injury" or "property damage" sought in the underlying case.

34.     The EMCASCO CGL policies contain endorsement no. CG 00 67 03 05, entitled "Exclusion – Violation Of Statutes That Govern Emails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information" (hereinafter referred to as "the Statutory Violation endorsement"). A copy of the Statutory Violation endorsement is attached hereto as **Exhibit C**. It contains the following language:

> **This Endorsement modifies insurance provided under the following:**
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A.   The following exclusion is added to Paragraph 2.,
     Exclusions of Section I-Coverage A – Bodily Injury
     And Property Damage Liability:

2.   Exclusions.

     This insurance does not apply to:

     **DISTRIBUTION OF MATERIAL IN
     VIOLATION STATUTES**

     "Bodily injury" or "Property damage" arising
     directly or indirectly out of any action or
     omission that violates or is alleged to violate:

     a.   The Telephone Consumer Protection Act
          (TCPA), including any amendment of or
          addition to such law; or

     b.   The CAN-SPAM Act of 2003, including
          any amendment or addition to such law;
          or

     c.   Any statute, ordinance or regulation,
          other than the TCPA or CAN-SPAM Act
          of 2003, that prohibits or limits the
          sending, transmitting, communicating or
          distribution of material or information.

35.   To the extent that the underlying case asserts a claim for "bodily injury" or

"property damage" (and EMCASCO denies that the underlying case asserts such a claim), the

Statutory Violation endorsement would negate coverage for any "bodily injury" or "property

damage" sought in the underlying case.

36.   The Coverage B Section contains an Insuring Agreement that is applicable in

certain circumstances, subject to all terms, conditions, and limitations of the EMCASCO CGL

policies, to "sums the insured becomes legally obligated to pay as damages because of 'personal

and advertising injury' to which this insurance applies".

37.   The EMCASCO CGL policies define "personal and advertising injury" as

follows:

14.     "Personal and Advertising Injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.     False arrest, detention or imprisonment;

    b.     Malicious prosecution;

    c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.     Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f.     The use of another's advertising idea in your "advertisement"; or

    g.     Infringing upon another's copyright, trade address or slogan in your "advertisement.

38.     The underlying case does not allege any claims for the commission of any offenses within the "personal and advertising injury" definition. As a result, the Coverage B Section of the EMCASCO CGL policies is inapplicable to the underlying case.

39.     The Coverage B section of the EMCASCO CGL policies state that coverage applies only to "personal and advertising injury" offenses that were committed during the effective period of the EMCASCO CGL policies.

40.     To the extent that the allegations in the underlying case seek damages for "personal and advertising injury" offenses that were committed outside of the effective period for

the EMCASCO CGL policies, the Coverage B section of the EMCASCO CGL policies are inapplicable to the underlying case.

41.    The CGL Coverage Form contains a Knowing Violation Of Rights Of Another exclusion that provides as follows:

**2.      Exclusions.**

**This insurance does not apply to:**

**a.      Knowing Violation Of Rights Of Another**

**"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."**

42.    To the extent that the underlying case asserts a claim for "personal and advertising injury" (and EMCASCO denies that the underlying case asserts such a claim), the Knowing Violation Of Rights Of Another exclusion would negate coverage for any "personal and advertising injury" sought in the underlying case.

43.    The EMCASCO CGL policies contain the Statutory Violation exclusion, which includes the following language:

**This Endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

\*            \*            \*

**B.      The following exclusion is added to paragraph 2., Exclusions of Section 1-Coverage B – Personal and Advertising Injury Liability:**

**2.      Exclusions.**

**This insurance does not apply to:**

**DISTRIBUTION OF MATERIAL IN**

**VIOLATION STATUTES**

**"Personal and Advertising Injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:**

a.  **The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or**

b.  **The CAN-SPAM Act of 2003, including any amendment or addition to such law; or**

c.  **Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.**

44.  To the extent that the underlying case asserts a claim for "personal and advertising injury" (and EMCASCO denies that the underlying case asserts such a claim), the Statutory Violation endorsement would negate coverage for any "personal and advertising injury" sought in the underlying case.

45.  The underlying case seeks "statutory damages" of $500 "for each violation of the TCPA". Under the TCPA, "statutory damages" are punitive in nature.

46.  The EMCASCO CGL policies do not provide coverage for punitive damages.

47.  As a result, any "statutory damages" assessed under the TCPA against CUSTOM in the underlying case are not covered under the EMCASCO CGL policies.

48.  In the underlying case, CE DESIGN requests (in the Consumer Fraud claim) an award of its attorneys' fees. Attorneys' fees are not "damages" as that term is used in the EMCASCO CGL policies. As a result, any attorneys fees assessed against CUSTOM in the underlying case are not covered under the EMCASCO CGL policies.

49.     CE DESIGN is an interested and proper party in this action by virtue of its status as a plaintiff in the underlying case.

50.     An actual controversy exists between the parties hereto, making this matter appropriate for disposition under 28 U.S.C. §§ 2201 and 2202.

51.     EMCASCO expressly reserves the right to assert additional coverage defenses under the EMCASCO CGL policies in this action.

WHEREFORE, Plaintiff, EMCASCO INSURANCE COMPANY and EMPLOYERS MUTUAL CASUALTY COMPANY, prays this Court enter declaratory judgment in its favor and against defendants, CUSTOM MECHANICAL EQUIPMENT, INC., CUSTOM MECHANICAL EQUIPMENT OF WISCONSIN LLC, CUSTOM MECHANICAL EQUIPMENT LLC, and CE DESIGN, LTD., declaring, adjudging, and decreeing as follows:

(a)     That no claims for "bodily injury" or "property damage", as those terms are defined in the EMCASCO CGL policies, are asserted in the underlying case;

(b)     That, even if a claim for a "bodily injury" or "property damage" is asserted in the underlying case (which EMCASCO denies), the "bodily injury" or "property damage" was not caused by an "occurrence" as that term is defined by the EMCASCO CGL policies;

(c)     That, even if a claim for "bodily injury" or "property damage", that is caused by an "occurrence" is asserted in the underlying case (which EMCASCO denies), there is no coverage for any claim for "bodily injury" or "property damage" that occurs outside the effective period of the EMCASCO CGL policies for CUSTOM in the underlying case;

(d)     That, even if a claim for a "bodily injury" or "property damage" that is caused by an "occurrence" is asserted in the underlying case (which EMCASCO denies), the "Expected or Intended Injury" exclusion bars any coverage under the EMCASCO CGL policies for CUSTOM in the underlying case;

(e)     That, even if a claim for a "bodily injury" or "property damage"

that is caused by an "occurrence" is asserted in the underlying case (which EMCASCO denies), the Statutory Violation endorsement bars any coverage under the EMCASCO CGL policies for CUSTOM in the underlying case;

(f)     That no claim for "personal and advertising injury", as that term is defined in the EMCASCO CGL policies, is asserted in the underlying case;

(g)     That, even if a claim for "personal and advertising injury" is asserted in the underlying case (which EMCASCO denies), there is no coverage for CUSTOM in the underlying case with respect to any claim for "personal and advertising injury" offense that is committed outside the effective period of EMCASCO CGL policies;

(h)     That, even if a claim for a "personal and advertising injury" is asserted in the underlying case (which EMCASCO denies), the "Knowing Violation Of Rights Of Another" exclusion bars any coverage under the EMCASCO CGL policies for CUSTOM in the underlying case;

(i)     That, even if a claim for a "personal and advertising injury" is asserted in the underlying case (which EMCASCO denies), the Statutory Violation endorsement bars any coverage under the EMCASCO CGL policies for CUSTOM in the underlying case;

(j)     That any "statutory damages" assessed under the TCPA against CUSTOM in the underlying case are punitive in nature and are therefore not covered under the EMCASCO CGL policies;

(k)     That any attorneys' fees assessed against CUSTOM in the underlying case are not "damages" and are therefore not covered under the EMCASCO CGL policies;

(l)     That as a result, EMCASCO has no obligation to defend CUSTOM in the underlying case;

(m)     That as a result, EMCASCO has no obligation to indemnify CUSTOM in the underlying case; and

(n)     That any further appropriate relief will be awarded to EMCASCO.

**Count II - The 2006-07 EMC UL Policy Does Not Provide Coverage For The Claims Asserted In The Underlying Case**

1-51.   EMCASCO and EMC restate and reallege paragraphs 1-51 of Count I as and for paragraphs 1-51 of this Count II, as though fully set forth herein.

52.   The 2006-07 EMC UL Policy provides coverage pursuant to the Commercial Umbrella Coverage Form, No. CU 7002 (10-93) FST (hereinafter referred to as "the CU 7002 coverage form"). A copy of the CU 7002 coverage form is attached hereto as **Exhibit D**. The CU 7002 coverage form was amended by endorsement No. CU 7225 (3-00) (titled "Amendment of coverage known injury or damage"). A copy of the CU 7225 coverage form is attached hereto as **Exhibit E**. The CU 7002 coverage form was further amended by endorsement No. CU 7344 (10-01) (titled "Commercial Umbrella Amendment of Coverage"). A copy of the CU 7344 coverage form is attached hereto as **Exhibit F**.

53.   The 2006-07 EMC UL Policy (pursuant to endorsement No. CU 7225 (3-00); see Ex. E)) contains an Insuring Agreement that is applicable in certain circumstances, subject to all terms, conditions and limitations of the 2006-07 C UL policy, to claims for Coverage A - "Bodily Injury", Coverage B - "Property Damage", Coverage C - "Personal Injury" or Coverage D - "Advertising Injury".

54.   The 2006-07 EMC UL policy (pursuant to the CU 7002 coverage form; see Ex. D) defines "bodily injury" as follows:

> **"Bodily injury" means bodily injury, sickness, or disease sustained by a person, during the policy period, including death resulting from any of these at any time.**

55.   The 2006-07 EMC UL policy (pursuant to endorsement No. CU 7344 (10-01); see Ex. F) defines "property damage" as follows:

> **a.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or**

14

> **b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. \*\*\***

56.     The underlying case does not allege any claims for "bodily injury" or "property damage" as those terms are defined in the 2006-07 EMC UL policy.  As a result, the Coverage A and Coverage B Sections of the 2006-07 EMC UL policy are inapplicable to the underlying case.

57.     The 2006-07 EMC UL policy (pursuant to endorsement No. CU 7344; see Ex. F) defines the terms "advertising injury" and "personal injury" as follows:

> **1.    "Advertising Injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:**
>
> > **A.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;**
> >
> > **B.    Oral or written publication, in any manner, of material that violates a person's right of privacy;**
> >
> > **C.    The use of another's advertising idea in your "advertisement"; or**
> >
> > **D.    Infringing upon another's copyright, trade address or slogan in your "advertisement."**
>
> **15.    "Personal Injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:**
>
> > **A.    False arrest, detention or imprisonment;**
> >
> > **B.    Malicious prosecution;**
> >
> > **C.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;**

      **D.**     **Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;**

      **E.**     **Oral or written publication, in any manner, of material that violates a person's right of privacy; or**

      **F.**     **Unintentional infliction of mental anguish, mental injury, including fright, shock, and humiliation not considered illegal and/or a violation of unfair trade practices acts.**

58.    The underlying case does not allege any claims for the commission of any offenses within the "advertising injury" definition or the "personal injury" definition. As a result, the Coverage C and Coverage D Sections of the 2006-07 EMC UL policy are inapplicable to the underlying case.

59.    The insuring agreement of the 2006-07 EMC UL policy (pursuant to endorsement No. CU 7225 (3-00); see Ex. E)) also states that "bodily injury", "property damage", "advertising injury" or "personal injury" must be caused by an "occurrence" in order for coverage to apply.

60.    The 2006-07 EMC UL policy (pursuant to the CU 7002 coverage form; see Ex. D) defines "occurrence" as follows:

      **14.**    **"Occurrence"**

        **A.**     **With respect to Coverage A - "Bodily Injury" and Coverage B - "Property Damage", "occurrence" means an accident including continuous or repeated exposure to substantially the same general harmful conditions neither expected or intended from the standpoint of the "Insured" unless injury or damage results from use of reasonable force to protect persons or property.**

        **B.**     **With respect to Coverage C - "Personal Injury"**

**and Coverage D - "Advertising Injury",
"occurrence" means an accident, happening, or
event that results in an offense described in the
definitions of those terms in this policy.**

61.     The underlying case does not allege any claims that were caused by an

"occurrence" as that term is defined in the 2006-07 EMC UL policy and, as a result, the 2006-07

EMC UL policy is inapplicable to the underlying case.

62.     The 2006-07 EMC UL policy (pursuant to the CU 7002 coverage form; see Ex. D)

states that "bodily injury", "property damage", "advertising injury" or "personal injury" must

have occurred during the effective period of the 2006-07 EMC UL policy in order for coverage to

apply.

63.     To the extent that the allegations in the underlying case seek damages for "bodily

injury", "property damage", "advertising injury" or "personal injury" that occurred outside of the

effective period for the 2006-07 EMC UL policy, the 2006-07 EMC UL policy is inapplicable to

the underlying case.

64.     The 2006-07 EMC UL policy contains endorsement no. CU 7264 (3-06) entitled

"Exclusion – Violation Of Statutes That Govern E-mails, Fax, Phone Calls Or Other Methods Of

Sending Material Or Information" (hereinafter referred to as "the 2006-07 Umbrella Statutory

Violation endorsement"). A copy of the 2006-07 Umbrella Statutory Violation endorsement is

attached hereto as **Exhibit G**. This endorsement provides as follows:

**This Endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

    **A.**    **The following exclusion is added to Part III -
Exclusions:**

    **This insurance does not apply to:**

**DISTRIBUTION OF MATERIAL IN VIOLATION STATUTES**

**"Bodily injury", "property damage", "personal injury" or "advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:**

    **a.**    **The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or**

    **b.**    **The CAN-SPAM Act of 2003, including any amendment or addition to such law; or**

    **c.**    **Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.**

65.    To the extent that the underlying case asserts a claim for "bodily injury", "property damage", "personal injury" or "advertising injury" (and EMC denies that the underlying case asserts such a claim), the 2006-07 Umbrella Statutory Violation endorsement would negate coverage for any "bodily injury", "property damage", "personal injury" or "advertising injury" sought in the underlying case.

66.    The 2006-07 EMC UL policy (pursuant to change endorsement No. CU 7344 (10-01); see Ex. F) contains an exclusion generally known as the "Knowing Violation Of Rights Of Another" exclusion that provides as follows:

    **1.**    **Personal Injury or Advertising Injury:**

    **This policy does not apply to "personal injury" or "advertising injury":**

    **A.**    **Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal injury" or "advertising injury"**

67.    To the extent that the underlying case asserts a claim for "personal injury" or "advertising injury" (and EMC denies that the underlying case asserts such a claim), the Knowing Violation Of Rights Of Another exclusion would negate coverage for any "personal injury" or "advertising injury" sought in the underlying case.

68.    The underlying case seeks "statutory damages" of $500 "for each violation of the TCPA". Under TCPA, "statutory damages" are punitive in nature.

69.    The 2006-07 EMC UL policy does not provide coverage for punitive damages.

70.    As a result, any "statutory damages" assessed under the TCPA against CUSTOM in the Underlying Case are not covered under the 2006-07 EMC UL policy.

71.    In the underlying case, CE DESIGN requests (in the Consumer Fraud claim) an award of its attorneys' fees. Attorneys' fees are not "damages" as that term is used in the 2006-07 EMC UL policy. As a result, any attorneys fees assessed against CUSTOM in the underlying case are not covered under the 2006-07 EMC UL policy.

72.    CE DESIGN is an interested and proper party in this action by virtue of its status as a plaintiff in the underlying case.

73.    An actual controversy exists between the parties hereto, making this matter appropriate for disposition under 28 U.S.C. §§ 2201 and 2202.

74.    EMC expressly reserves the right to assert additional coverage defenses under the 2006-07 EMC UL policy in this action.

WHEREFORE, Plaintiff, EMCASCO INSURANCE COMPANY and EMPLOYERS MUTUAL CASUALTY COMPANY, prays this Court enter declaratory judgment in its favor and against defendants, CUSTOM MECHANICAL EQUIPMENT, INC., CUSTOM MECHANICAL EQUIPMENT OF WISCONSIN LLC, CUSTOM MECHANICAL

EQUIPMENT LLC, and CE DESIGN, LTD., declaring, adjudging, and decreeing as follows:

(a)     That no claims for "bodily injury", "property damage", "personal injury" or "advertising injury", as those terms are defined in the 2006-07 EMC UL policy, are asserted in the underlying case;

(b)     That, even if a claim for "bodily injury", "property damage", "personal injury" or "advertising injury" is asserted in the underlying case (which EMC denies), the "bodily injury", "property damage", "personal injury" or "advertising injury" was not caused by an "Occurrence" as that term is defined by the 2006-07 EMC UL policy;

(c)     That, even if a claim for "bodily injury", "property damage", "personal injury" or "advertising injury" that is caused by an "occurrence" is asserted in the underlying case (which EMC denies), there is no coverage for CUSTOM with respect to any "bodily injury", "property damage", "personal injury" or "advertising injury" that occurs outside the effective period of the 2006-07 EMC UL policy;

(d)     That, even if a claim for "bodily injury", "property damage", "personal injury" or "advertising injury" that is caused by an "occurrence" is asserted in the underlying case (which EMC denies), the Umbrella Statutory Violation endorsement bars any coverage under the 2006-07 EMC UL policy for CUSTOM in the underlying case;

(e)     That, even if a claim for "personal injury" or "advertising injury" is asserted in the underlying case (which EMC denies), the "Knowing Violation Of Rights Of Another" exclusion bars any coverage under the 2006-07 EMC UL policy for CUSTOM in the underlying case;

(f)     That any "statutory damages" assessed under the TCPA against CUSTOM in the underlying case are punitive in nature and are therefore not covered under the 2006-07 EMC UL policy;

(g)     That any attorneys' fees assessed against CUSTOM in the underlying case are not "damages" and are therefore not covered under the 2006-07 EMC UL policy;

(h)     That as a result, EMC has no obligation to defend CUSTOM in the underlying case under the 2006-07 EMC UL policy;

(i)     That as a result, EMC has no obligation to indemnify CUSTOM in

the underlying case under the 2006-07 EMC UL policy; and

(j)     That any further appropriate relief will be awarded to EMC.

## Count III - The 2007-08 EMCASCO UL Policy Does Not Provide Coverage For The Claims Asserted In The Underlying Case

1-74.   EMCASCO restates and realleges paragraphs 1-74 of Count II as paragraphs 1-74 of this Count III, as though fully set forth herein.

75.     The 2007-08 EMCASCO UL Policy provides coverage pursuant to the Commercial Liability Umbrella Coverage Form, No. CU 00 01 12 04 (hereinafter referred to as "the CLU coverage form"). A copy of the CLU coverage form is attached hereto as **Exhibit H**.

76.     The CLU coverage form contains a Coverage A Section and a Coverage B Section.

77.     The Coverage A Section contains an Insuring Agreement that is applicable in certain circumstances, subject to all terms, conditions and limitations of the 2007-08 EMCASCO UL Policy, to claims for "bodily injury" and "property damage".

78.     The 2007-08 EMCASCO UL Policy defines "bodily injury" as follows:

> **"Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".**

79.     The 2007-08 EMCASCO UL Policy defines "property damage" as follows:

> a.     **Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or**

> b.     **Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. \*\*\***

80.     The underlying case does not allege any claims for "bodily injury" or "property damage" as those terms are defined in the 2007-08 EMCASCO UL Policy.  As a result, the Coverage A Section of the 2007-08 EMCASCO UL Policy is inapplicable to the underlying case.

81.     The Coverage A section of the 2007-08 EMCASCO UL Policy also states that "bodily injury" or "property damage" must be caused by an "occurrence" in order for Coverage A to apply.

82.     The 2007-08 EMCASCO UL Policy defines "occurrence" as follows:

> **"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.**

83.     The underlying case does not allege any claims that were caused by an "occurrence" as that term is defined in the 2007-08 EMCASCO UL Policy and, as a result, the Coverage A Section of the 2007-08 EMCASCO UL Policy is inapplicable to the underlying case.

84.     The Coverage A section of the 2007-08 EMCASCO UL Policy states that coverage applies only to "bodily injury" or "property damage" that occurred during the effective period of the 2007-08 EMCASCO UL Policy.

85.     To the extent that the allegations in the underlying case seek damages for "bodily injury" or "property damage" that occurred outside of the effective period for 2007-08 EMCASCO UL Policy, the Coverage A section of the 2007-08 EMCASCO UL Policy is inapplicable to the underlying case.

86.     The CLU coverage form contains an Expected or Intended injury exclusion, which provides in relevant part as follows:

> **This insurance does not apply to:**

### a.  Expected Or Intended Injury

**"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  \*\*\***

87.     To the extent that the underlying case asserts a claim for "bodily injury" or "property damage" (and EMCASCO denies that the underlying case asserts such a claim), the Expected or Intended Injury exclusion would negate coverage for any "bodily injury" or "property damage" sought in the underlying case.

88.     The 2007-08 EMCASCO UL Policy contain endorsement no. CU 00 03 03 05 entitled "Exclusion – Violation Of Statutes That Govern Emails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information" (hereinafter referred to as "the Umbrella Statutory Violation endorsement").  A copy of the Umbrella Statutory Violation endorsement is attached hereto as **Exhibit I**. This endorsement provides as follows:

**This Endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.     The following exclusion is added to Paragraph 2., Exclusions of Section I-Coverage A – Bodily Injury And Property Damage Liability:**

**2.     Exclusions.**

**This insurance does not apply to:**

**DISTRIBUTION OF MATERIAL IN VIOLATION STATUTES**

**"Bodily injury" or "Property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:**

**a.     The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or**

    **b.**      **The CAN-SPAM Act of 2003, including any amendment or addition to such law; or**

    **c.**      **Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.**

89.    To the extent that the underlying case asserts a claim for "bodily injury" or "property damage" (and EMCASCO denies that the underlying case asserts such a claim), the Umbrella Statutory Violation endorsement would negate coverage for any "bodily injury" or "property damage" sought in the underlying case.

90.    The Coverage B Section of the CLU coverage form is applicable in certain circumstances, subject to all terms, conditions and limitations of the 2007-08 EMCASCO UL Policy, to claims for "personal and advertising injury".

91.    The 2007-08 EMCASCO UL Policy defines the term "personal and advertising injury" as follows:

    **14.**      **"Personal and Advertising Injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:**

        **a.**      **False arrest, detention or imprisonment;**

        **b.**      **Malicious prosecution;**

        **c.**      **The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;**

        **d.**      **Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;**

  **e.**  **Oral or written publication, in any manner, of**
      **material that violates a person's right of privacy;**

  **f.**  **The use of another's advertising idea in your**
      **"advertisement"; or**

  **g.**  **Infringing upon another's copyright, trade address**
      **or slogan in your "advertisement."**

92. The underlying case does not allege any claims for the commission of any offenses within the "personal and advertising injury" definition. As a result, the Coverage B Section of the 2007-08 EMCASCO UL Policy is inapplicable to the underlying case.

93. The Coverage B section of the 2007-08 EMCASCO UL Policy states that coverage applies only to "personal and advertising injury" offenses that were committed during the effective period of the 2007-08 EMCASCO UL Policy.

94. To the extent that the allegations in the underlying case seek damages for "personal and advertising injury" that occurred outside of the effective period for the 2007-08 EMCASCO UL Policy, the Coverage B section of the 2007-08 EMCASCO UL Policy is inapplicable to the underlying case.

95. The CLU Coverage Form contains a Knowing Violation Of Rights Of Another exclusion that provides as follows:

  **2.**  **Exclusions.**

    **This insurance does not apply to:**

    **(1)**  **Knowing Violation of Rights of Another**

      **Caused by or at the direction of the insured with**
      **the knowledge that the act would violate the rights**
      **of another and would inflict "personal and**
      **advertising injury."**

96. To the extent that the underlying case asserts a claim for "personal and

advertising injury" (and EMCASCO denies that the underlying case asserts such a claim), the

Knowing Violation Of Rights Of Another exclusion would negate coverage for any "personal

and advertising injury" sought in the underlying case.

97.     The 2007-08 EMCASCO UL Policy contains the Umbrella Statutory Violation

endorsement (see Ex. I), which includes the following language:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

\*          \*          \*

**B.     The following exclusion is added to paragraph 2.,
Exclusions of Section 1-Coverage B – Personal and
Advertising Injury Liability:**

**2.     Exclusions.**

**This insurance does not apply to:**

**DISTRIBUTION OF MATERIAL IN
VIOLATION STATUTES**

**"Personal and Advertising Injury" arising
directly or indirectly out of any action or
omission that violates or is alleged to violate:**

**a.     The Telephone Consumer Protection Act
(TCPA), including any amendment of or
addition to such law; or**

**b.     The CAN-SPAM Act of 2003, including
any amendment or addition to such law;
or**

**a.     Any statute, ordinance or regulation,
other than the TCPA or CAN-SPAM Act
of 2003, that prohibits or limits the
sending, transmitting, communicating or
distribution of material or information.**

98.     To the extent that the underlying case asserts a claim for "personal and

advertising injury" (and EMCASCO denies that the underlying case asserts such a claim), the

Umbrella Statutory Violation endorsement would negate coverage for any "personal and advertising injury" sought in the underlying case.

99. The underlying case seeks "statutory damages" of "$500 in damages for each violation of the TCPA". Under TCPA, "statutory damages" are punitive in nature.

100. The 2007-08 EMCASCO UL Policy do not provide coverage for punitive damages.

101. As a result, any "statutory damages" assessed under the TCPA against CUSTOM in the Underlying Case are not covered under the 2007-08 EMCASCO UL Policy.

102. In the underlying case, CE DESIGN requests (in the Consumer Fraud claim) an award of its attorneys' fees. Attorneys' fees are not "damages" as that term is used in the 2007-08 EMCASCO UL Policy. As a result, any attorneys fees assessed against CUSTOM in the underlying case are not covered under the 2007-08 EMCASCO UL Policy.

103. CE DESIGN is an interested and proper party in this action by virtue of its status as a plaintiff in the Underlying Case.

104. An actual controversy exists between the parties hereto, making this matter appropriate for disposition under 28 U.S.C. §§ 2201 and 2202.

105. EMCASCO expressly reserves the right to assert additional coverage defenses under the 2007-08 EMCASCO UL Policy in this action.

WHEREFORE, Plaintiff, EMCASCO INSURANCE COMPANY and EMPLOYERS MUTUAL CASUALTY COMPANY, prays this Court enter declaratory judgment in its favor and against defendants, CUSTOM MECHANICAL EQUIPMENT, INC., CUSTOM MECHANICAL EQUIPMENT OF WISCONSIN LLC, CUSTOM MECHANICAL EQUIPMENT LLC, and CE DESIGN, LTD., declaring, adjudging, and decreeing as follows:

(a)     That no claims for "bodily injury" or "property damage", as those terms are defined in the 2007-08 EMCASCO UL Policy, are asserted in the underlying case;

(b)     That, even if a claim for "bodily injury" or "property damage" is asserted in the underlying case (which EMCASCO denies), the "bodily injury" or "property damage" was not caused by an "Occurrence" as that term is defined by the 2007-08 EMCASCO UL Policy;

(c)     That, even if a claim for "bodily injury" or "property damage" that is caused by an "occurrence" is asserted in the underlying case (which EMCASCO denies), there is no coverage for any "bodily injury" or "property damage" that occurs outside the effective period of the 2007-08 EMCASCO UL Policy;

(d)     That, even if a claim for "bodily injury" or "property damage" that is caused by an "occurrence" is asserted in the underlying case (which EMCASCO denies), the "Expected or Intended Injury" exclusion bars any coverage under the 2007-08 EMCASCO UL Policy for CUSTOM in the underlying case;

(e)     That, even if a claim for "bodily injury" or "property damage" that is caused by an "occurrence" is asserted in the underlying case (which EMCASCO denies), the Umbrella Statutory Violation endorsement bars any coverage under the 2007-08 EMCASCO UL Policy for CUSTOM in the underlying case;

(f)     That no claim for "personal and advertising injury", as that term is defined in the 2007-08 EMCASCO UL Policy, is asserted in the underlying case;

(g)     That, even if a claim for "personal and advertising injury" is asserted in the underlying case (which EMCASCO denies), there is no coverage for any "personal and advertising injury" offenses that are committed outside the effective period of the 2007-08 EMCASCO UL Policy;

(h)     That, even if a claim for "personal and advertising injury" is asserted in the underlying case (which EMCASCO denies), the "Knowing Violation Of Rights Of Another" exclusion bars any coverage under the 2007-08 EMCASCO UL Policy for CUSTOM in the underlying case;

(i)     That, even if a claim for a "personal and advertising injury" is asserted in the underlying case (which EMCASCO denies), the

Umbrella Statutory Violation endorsement bars any coverage under the 2007-08 EMCASCO UL Policy for CUSTOM in the underlying case;

(j)    That any "statutory damages" assessed under the TCPA against CUSTOM in the underlying case are punitive in nature and are therefore not covered under the 2007-08 EMCASCO UL Policy;

(k)    That any attorneys' fees assessed against CUSTOM in the underlying case are not "damages" and are therefore not covered under the 2007-08 EMCASCO UL Policy;

(l)    That as a result, EMCASCO has no obligation to defend CUSTOM in the underlying case under the 2007-08 EMCASCO UL Policy;

(m)    That as a result, EMCASCO has no obligation to indemnify CUSTOM in the underlying case under the 2007-08 EMCASCO UL Policy; and

(n)    That any further appropriate relief will be awarded to EMCASCO.

### Alternative Count IV – Notice Violation

1-105.    EMC and EMCASCO restates and realleges paragraphs 1-105 of Count III as and for paragraphs 1-105 of this Alternative Count IV, as though fully set forth herein.

106.    CE DESIGN filed the underlying case on May 13, 2008.

107.    CE DESIGN effected service on CUSTOM in the underlying case on or about June 11, 2008, and CUSTOM filed its appearance in the underlying case on or about June 25, 2008.

108.    Neither EMC or EMCASCO was not notified of the underlying case, or the circumstances and matters alleged in the underlying case, any earlier than April 27, 2011.

109.    The EMCASCO CGL policies, the 2006-07 EMC UL policy and the 2007-08 EMCASCO UL policy each include a notice provision that states as follows:

**2.  Duties In The Event Of Occurrence, Offense, Claim or Suit**

a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.   To the extent possible, notice should include:

  (1)  How, when and where the "occurrence" or offense took place;

  (2)  The names and addresses of any injured persons and witnesses; and

  (3)  The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.  If a claim is made or "suit" is brought against any insured, you must:

  (1)  Immediately record the specifics of the claim or "suit" and the date received; and

  (2)  Notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.  You and any other involved insured must:

  (1)  Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

  (2)  Authorize us to obtain records and other information;

  (3)  Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

  (4)  Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation,

> **or incur any expense, other than for first aid, without
> our consent.**

110.    CUSTOM failed to comply with the notice provisions in the EMCASCO CGL

policies, the 2006-07 EMC UL policy and the 2007-08 EMCASCO UL policy.

111.    Pleading in the alternative and without prejudice to EMC's and EMCASCO's

position that the EMCASCO CGL policies, the 2006-07 EMC UL policy and the 2007-08

EMCASCO UL policy provide no coverage for any of the damages sought in the underlying

case, any coverage that could have existed under the EMCASCO CGL policies, the 2006-07

EMC UL policy and the 2007-08 EMCASCO UL policy is forfeited by the violation of the

notice condition.

112.    CE DESIGN is an interested and proper party in this action by virtue of its status

as a plaintiff in the underlying case.

113.    An actual controversy exists between the parties hereto, making this matter

appropriate for disposition under 28 U.S.C. §§ 2201 and 2202.

114.    EMC and EMCASCO expressly reserve the right to assert additional coverage

defenses under the EMCASCO CGL policies, the 2006-07 EMC UL policy and the 2007-08

EMCASCO UL policy in this action.

WHEREFORE, Plaintiff, EMCASCO INSURANCE COMPANY and EMPLOYERS

MUTUAL CASUALTY COMPANY, pray this Court enter declaratory judgment in its favor and

against defendants, CUSTOM MECHANICAL EQUIPMENT, INC., CUSTOM

MECHANICAL EQUIPMENT OF WISCONSIN LLC, CUSTOM MECHANICAL

EQUIPMENT LLC, and CE DESIGN, LTD., declaring, adjudging, and decreeing as follows:

(a)    That CUSTOM violated the notice provisions in the EMCASCO
        CGL policies;

(b)     That, in the alternative and without prejudice to EMCASCO's position that no coverage for the underlying case exists under the EMCASCO CGL policies, the violation of the notice provision negates any coverage that could otherwise exist for the underlying case under the EMCASCO CGL policies;

(c)     That CUSTOM violated the notice provisions in the 2006-07 EMC UL policy;

(d)     That, in the alternative and without prejudice to EMC's position that no coverage for the underlying case exists under the 2006-07 EMC UL policy, the violation of the notice provision negates any coverage that could otherwise exist for the underlying case under the 2006-07 EMC UL policy;

(e)     That CUSTOM violated the notice provisions in the 2007-08 EMCASCO UL policy;

(f)     That, in the alternative and without prejudice to EMCASCO's position that no coverage for the underlying case exists under the 2007-08 EMCASCO UL policy, the violation of the notice provision negates any coverage that could otherwise exist for the underlying case under the 2007-08 EMCASCO UL policy;

(g)     That EMCASCO has no duty to defend CUSTOM in the underlying case under the EMCASCO CGL policies or the 2007-08 EMCASCO UL policy;

(h)     That EMC has no duty to defend CUSTOM in the underlying case under the 2006-07 EMC UL policy;

(i)     That EMCASCO has no duty to indemnify CUSTOM in the underlying case under the EMCASCO CGL policies or the 2007-08 EMCASCO UL policy;

(j)     That EMC has no duty to indemnify CUSTOM in the underlying case under the 2006-07 EMC UL policy; and

(k)     That EMC and EMCASCO are entitled to such other and further relief deemed appropriate by the court.

## Count V – CMEOW and CME are not "insureds" under the EMCASCO CGL Policies, the 2006-07 EMC UL policy or the 2007-08 EMCASCO UL policy

1-114. EMC and EMCASCO restate and reallege paragraphs 1-114 of Alternative Count

IV as and for paragraphs 1-114 of this Count V, as though fully set forth herein.

115.   The EMCASCO CGL policies, the 2006-07 EMC UL policy and the 2007-08

EMCASCO UL policy identify CUSTOM as the named insured in their declarations pages.

116.   The EMC CGL policies contain a "Who Is An Insured" provision in the CGL

coverage form that contains the following language:

**SECTION II - WHO IS AN INSURED**

1.   **If you are designated in the Declarations as:**

    a.   **An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.**

    b.   **A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.**

    c.   **A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.**

    d.   **An organization other than a partnership, joint venture or limited liability company, your are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.**

    e.   **A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.**

2.   **Each of the following is also an insured:**

    a.   **Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either**

your "executive officers" (if your are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

(1)     "Bodily injury" or "personal and advertising injury":

     (a)     To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

     (b)     To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer workers" as a consequence of Paragraph (1)(a) above;

     (c)     For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or

     (d)     Arising out of his or her providing or failing to provide professional health care services.

(2)     "Property damage" to property:

     (a)     Owned, occupied or used by,

     **(b)**    Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

    you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership of joint venture), or any member (if you are a limited liability company).

**b.**    Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

**c.**    Any person or organization having proper temporary custody of your property if you die, but only:

    **(1)**    With respect to liability arising out of the maintenance or use of that property; and

    **(2)**    Until your legal representative has been appointed.

**d.**    Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**3.**    Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

**a.**    Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

**b.**    Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

    c.        **Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.**

**No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.**

117.    Neither CMEOW nor CME come within the scope of the various provisions that describe "insureds" in the "Who Is An Insured" provision contained in the EMCASCO CGL policies.

118.    CMEOW and CME are not "insureds" on the EMCASCO CGL policies and are therefore not entitled to coverage under the EMCASCO CGL policies for purposes of the underlying case.

119.    The 2006-07 EMC UL Policy contain a "Who Is An Insured" provision in the CU coverage form that contains the following language:

**PART IV - WHO IS AN INSURED**

**1.    You (the person or organization named in the Declarations or qualifying as a Named Insured) and**

**2.    Each of the following is an "Insured" under this policy to the extent set forth below:**

    **A.    If you are designated in the Declarations as an individual, you and your spouse are an "Insured", but only with respect to the conduct of a business of which you are the sole owner.**

    **B.    If you are designated in the Declarations as a partnership or joint venture, you are an "insured". Your members, your partners, and their spouses are also "insureds", but only with respect to the conduct of your business.**

C.    If you are designated in the Declarations as an organization other than a partnership or joint venture, you are an "insured". Your "executive officers" and directors are "insureds", but only with respect to their duties as your officers or directors. Your stockholders are also "insureds", but only with respect to their liability as stockholders.

3.    **Other Insureds - When Primary Applies**

When primary applies to a loss or would have if the primary limits had not been exhausted, any "Insured" (not you) included in the 'primary policy(ies)" is an insured but only to the extent this Umbrella Policy is excess of such "primary policy(ies)".

This provision does not apply to:

A.    those insureds added to the "primary policy" by a vendors endorsement;

B.    any person or organization who is considered an insured in a "primary policy" but the "primary policy" provides a lower limit of liability than what is described in "Schedule A" of this policy.

4.    **Other Insureds - When Primary Does Not Apply**

When a "primary policy" does not apply to loss (except for exhaustion of primary limits) the following are insureds:

A.    **Other Than Autos/Aircraft/Watercraft/Mobile Equipment Carried or Towed by Autos**

Except with regard to "autos", "aircraft", "watercraft" or "mobile equipment" (while such "mobile equipment" is being carried or towed by an "auto"):

1)    Your "employees", other than your "executive officers", but only for acts within the scope of their employment by you, or while performing duties related to the conduct of your business. However,

no "employee" is an insured for:

    (a)    "Bodily injury" or "personal injury" to you or to a co-employee while in the course of his or her employment, or the spouse, child, parent, brother or sister of that co-employee as a consequence of "bodily injury" or "personal injury"; or for any obligation to share damages with or repay someone else who must pay damages because of the injury; or

    (b)    "Property damage" to property owned or occupied by or rented or loaned to that "employee", or any of your other "employees", or any of your partners or members (if you are a partnership or joint venture).

(2)    Any person (other than your "employee"), or any organization while acting as your real estate manager.

(3)    Any person or organization having proper temporary custody of your property if you die, but only:

    (a)    With respect to liability arising out of the maintenance or use of that property; and

    (b)    Until your legal representative has been appointed.

(4)    Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**B.**    **Autos/Aircraft/Watercraft/Mobile Equipment Carried or Towed by Autos \*\*\***

**5.**    **Newly Acquired Interest**

Any organization you newly acquire or form, other than a partnership or joint venture, and over which you maintain ownership or majority interest will qualify as a Named Insured if there is no other similar insurance (other that "primary" coverage shown in "Schedule A") available to that organization. However:

A.   Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier.  If this policy is written on a subject to audit basis and coverage for the organization applies in the "primary policies" as described in "Schedule A", coverage is afforded until the end of the policy period.

B.   Coverage A and Coverage B do not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

C.   Coverage C and Coverage D do not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

6.   Partnerships/Joint Ventures Not Named

No person or organization is an "Insured" with respect to the conduct of any current or past partnership or joint venture that is not shown as a "Named Insured" in the Declarations.

120.   Neither CMEOW nor CME come within the scope of the various provisions that describe "insureds" in the Who Is An Insured provision contained in the 2006-07 EMC UL policy.

121.   CMEOW and CME are not "insureds" on the 2006-07 EMC UL Policy and are therefore not entitled to coverage under the 2006-07 EMC UL policy for purposes of the

underlying case.

122.   The 2007-08 EMCASCO UL Policy contain a "Who Is An Insured" provision in

the CLU coverage form that contains the following language:

**SECTION II - WHO IS AN INSURED**

1.   **Except for liability arising out of the ownership, maintenance, or use of "covered autos":**

   a.   **If you are designated in the Declarations as:**

      (1)   **An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.**

      (2)   **A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.**

      (3)   **A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.**

      (4)   **An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.**

      (5)   **A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.**

   b.   **Each of the following is also an insured:**

(1)    Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if your are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

(a)    "Bodily injury" or "personal and advertising injury":

(i)    To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

(ii)    To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer workers" as a consequence of Paragraph (1)(a) above; or

(iii)    For which there is any obligation to share damages with or repay

someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above.

    (b)    "Property damage" to property:

        (i)    Owned, occupied or used by,

        (ii)    Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership of joint venture), or any member (if you are a limited liability company).

    (2)    Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

    (3)    Any person or organization having proper temporary custody of your property if you die, but only:

        (a)    With respect to liability arising out of the maintenance or use of that property; and

        (b)    Until your legal representative has been appointed.

    (4)    Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

c.    Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a

Named Insured if there is no other similar insurance available to that organization. However:

(1)     coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

(2)     Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

(3)     Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

2.      Only with respect to liability arising out of the ownership, maintenance, or use of "covered autos":

***

3.      Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance required by the contract, less any amounts payable by any "underlying insurance".

Additional insured provided by this insurance will not be broader than coverage provided by the "underlying insurance".

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

123.    Neither CMEOW nor CME come within the scope of the various provisions that describe "insureds" in the Who Is An Insured provision contained in the 2007-08 EMCASCO

UL Policy.

124.    CMEOW and CME are not "insureds" on the 2007-08 EMCASCO UL Policy and are therefore not entitled to coverage under the 2007-08 EMCASCO UL Policy for purposes of the underlying case.

125.    Even if CMEOW and CME were "insureds" on the EMCASCO CGL policies, 2006-07 EMC UL Policy and 2007-08 EMCASCO UL Policy (and EMC and EMCASCO deny that they are), all the policy provisions set forth in the preceding paragraphs which negate coverage as to CUSTOM would be equally applicable to negate coverage for CMEOW and CME.

126.    CE DESIGN is an interested and proper party in this action by virtue of its status as a plaintiff in the underlying case.

127.    An actual controversy exists between the parties hereto, making this matter appropriate for disposition under 28 U.S.C. §§ 2201 and 2202.

WHEREFORE, Plaintiff, EMCASCO INSURANCE COMPANY and EMPLOYERS MUTUAL CASUALTY COMPANY, pray this Court enter declaratory judgment in its favor and against defendants, CUSTOM MECHANICAL EQUIPMENT, INC., CUSTOM MECHANICAL EQUIPMENT OF WISCONSIN LLC, CUSTOM MECHANICAL EQUIPMENT LLC, and CE DESIGN, LTD., declaring, adjudging, and decreeing as follows:

(a)    That CMEOW and CME are not "insureds" on the EMCASCO CGL policies;

(b)    That CMEOW and CME are not "insureds" on the 2006-07 EMC UL Policy;

(c)    That CMEOW and CME are not "insureds" on the 2007-08 EMCASCO UL Policy;

(d)    That even if the CMEOW and CME were "insureds" on the

EMCASCO CGL policies, the 2006-07 EMC UL Policy and the 2007-08 EMCASCO UL Policy, there would be no coverage for the claims asserted against in the underlying case for the same reasons no coverage exists for CUSTOM;

(e)     That EMC has no duty to defend CMEOW or CME in the underlying case under either the EMCASCO CGL policies or the 2007-08 EMCASCO UL Policy;

(f)     That EMC has no duty to defend CMEOW or CME in the underlying case under the 2006-07 EMC UL Policy;

(g)     That EMCASCO has no duty to indemnify CMEOW or CME in the underlying case under either EMCASCO CGL policies or the EMCASCO UL policy; and

(h)     That EMC has no duty to indemnify CMEOW or CME in the underlying case under the 2006-07 EMC UL policy; and

(i)     That EMC and EMCASCO are entitled to such other and further relief deemed appropriate by the court.


                              EMCASCO INSURANCE COMPANY


                    By:     /s/ Thomas R. Pender_____
                            One of Its Attorneys

Thomas R. Pender
Brian A. O'Gallagher
Kristina M. Beck
CREMER, SPINA, SHAUGHNESSY, JANSEN & SIEGERT, LLC
180 North LaSalle Street, Suite 3300
Chicago, Illinois 60601
Tel:  (312) 726-3800
Fax: (312) 726-3818
314-347/#261671