IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMCASCO INSURANCE COMPANY and EMPLOYERS MUTUAL CASUALTY COMPANY, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. CIV-11-1494-M<br>) |
| CUSTOM MECHANICAL EQUIPMENT, INC., CUSTOM MECHANICAL EQUIPMENT OF WISCONSIN, LLC, CUSTOM MECHANICAL EQUIPMENT, LLC and CE DESIGN LTD., | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| CE DESIGN LTD., | )<br>) |
| Defendant/Counter-Plaintiff, | )<br>) |
| v. | )<br>) |
| EMCASCO INSURANCE COMPANY and EMPLOYERS MUTUAL CASUALTY COMPANY, | )<br>)<br>)<br>) |
| Plaintiffs/Counter-Defendants. | ) |

# ORDER

Before the Court is CE Design LTD.'s ("CED") Motion for Entry of Final Judgment or, in the Alternative, Rule 54(b) Certification in Accordance with the Court's Summary Judgment Decision, filed April 17, 2014. On April 24, 2014, plaintiffs filed their response, and on May 1, 2014, CED replied. On May 2, 2014, as directed by the Court, plaintiffs filed a sur-reply. Based on the parties' submissions, the Court makes its determination.

On February 18, 2014, this Court entered an Order granting plaintiffs' Motion for Summary Judgment as to Counts I, II, III, and V of their Amended Complaint for Declaratory Judgment ("Amended Complaint") and denying CED's Motion for Summary Judgment. Alternative Counts IV and VI of the Amended Complaint were not addressed in either of the parties' motions for summary judgment and, therefore, these claims have yet to be disposed of by this Court.[1] On March 19, 2014, CED appealed this Court's Order to the United States Court of Appeals for the Tenth Circuit. On April 3, 2014, the Tenth Circuit tolled all briefing in this matter until CED obtained from this Court a proper Rule 54(b) certification or a final judgment adjudicating all remaining claims.

The Tenth Circuit has held that:

> Premature notice of appeal from order disposing of less than all of claims in case is effective, where appellant obtains a certification or a final adjudication of matter before appeal is considered on its merits;

*Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988). Federal Rule of Civil Procedure 54(b) provides in part:

> Judgment on Multiple Claims or Involving Multiple Parties.
>
> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

---

[1] The parties severed this matter into two phases. Phase I consists of the litigation of Counts I, II, III, and V of plaintiffs' Amended Complaint. Phase II consists of the litigation of Counts IV and VI. Phase II of the matter will only proceed if the outcome in phase I is not favorable for plaintiffs.

CED asserts that final judgment is warranted in this case because the Court granted plaintiff's motion for summary judgment as to Counts I, II, III, and V, rendering Counts IV and VI moot. Plaintiffs contend that Counts VI and VI are not yet moot, but will be if this Court's ruling on the cross motions for summary judgment is affirmed. Pls.' Sur-Reply at 3. Plaintiffs request this Court enter judgment in favor of plaintiffs as to Counts I, II, III, and V, and as to CED's entire Counterclaim, and certify the judgment for appeal under Rule 54(b). Pls. Resp. at 3.

Having carefully reviewed the parties' submissions, the Court finds that a final judgment is warranted in this case. With the Court's ruling on Counts I, II, III, and V of the Amended Complaint, the remaining Counts IV and VI are effectively moot at this time.[2] Accordingly, for reasons set forth above, the Court GRANTS CE Design LTD.'s Motion for Entry of Final Judgment or, in the Alternative, Rule 54(b) Certification in Accordance with the Court's Summary Judgment Decision [docket no. 129] as follows:

1. The Court GRANTS CED's motion for entry of final judgment in this case; and

2. The Court FINDS that Counts IV and VI of plaintiffs' Amended Complaint are currently MOOT. Plaintiffs may seek leave to reopen this case to proceed with Counts IV and VI if the Tenth Circuit reverses the Court's ruling on the cross motions for summary judgment.

**IT IS SO ORDERED this 5th day of May, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes that if its decision on the cross motions for summary judgment is reversed by the Tenth Circuit; there will be a need for the remaining Counts IV and VI of plaintiffs' Amended Complaint to be litigated. If this occurs, plaintiffs will have the opportunity to reopen the case to address those Counts.